United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRONTRANGE SOLUTIONS USA INC, a Colorado corporation,<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>MATTHEW T. PURSE, individually and d/b/a, JUDGMENT WWW.EAGLETRONICS.COM, WWW.SOFTWAREDINER.COM, WWW.TEKDEAL.COM, WWW.SOFTWAREYARD.COM; PAW INVESTMENTS, LLC., an Arizona corporation; WESTVIEW MANAGEMENT, LLC, an Arizona corporation; and DOES 1 through 10, inclusive,<br>　　　　　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　／ | No. C-04-05496 MHP<br><br>**ORDER GRANTING PLAINTIFF FRONTRANGE SOLUTIONS' MOTION FOR DEFAULT** |

　　　　Plaintiff FrontRange Solutions USA Inc. ("FrontRange") having moved against defendant Matthew T. Purse, individually and d/b/a www.eagletronics.com, www.softwarediner.com, www.tekdeal.com, and www.thesoftwareyard.com ("defendant") under Federal Rule of Civil Procedure 55 for the reason that entry of default has been entered in this case against defendant and

1

defendant has failed to appear or defend in this action and for the reason that defendant is, *inter alia*, infringing FrontRange's federally registered trademarks and copyrights, and the Court having reviewed the memorandum of law, moving papers, complaint, exhibits, and declarations submitted by FrontRange, makes the following findings of fact, conclusions of law and order for relief.

**FINDINGS AND CONCLUSIONS**

1. On January 9, 2006, the Clerk of the Court entered default against defendant Matthew T. Purse for failure to respond to the Complaint within the time prescribed by the Federal Rules of Civil Procedure.  Plaintiff served defendant with Notice of Entry of Default on January 10, 2006.  Plaintiff served on defendant the within motion for default judgment and all accompanying papers as set forth in the Certificate of Service on February 21, 2006.  Since that time defendant has neither appeared nor made any attempts to have the entry of default set aside.

2. Defendant's failure to appear or defend in this case is inexcusable;

3. By failing to appear and defend in this case, defendant has admitted the allegations in FrontRange's complaint, including the allegations that defendant willfully infringed upon FrontRange's trademark and copyright;

4. Defendant is not an infant, an incompetent person, in military service, or otherwise exempted under the Soldiers' and Sailors' Relief Act of 1940.

5. FrontRange's claims against defendant are meritorious in that: FrontRange has shown, inter alia, that defendant is directly or indirectly using the mark "GoldMine" in a manner likely to cause confusion or mistake or to deceive, or that is likely to cause dilution or blurring of the GoldMine mark in violation of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and 1125(c), and California law; FrontRange has shown, inter alia, that defendant is infringing its copyright in violation of 17 U.S.C. § 501 et seq.; defendant's infringements of FrontRange's trademark and copyright will cause irreparable injury to FrontRange because defendant's use of the "GoldMine" mark, if not enjoined, threatens to create confusion among distributors and consumers of

FrontRange's product with respect to the source of defendant's counterfeit product.

## PERMANENT INJUNCTION

IT IS ORDERED, that defendant and any person acting in concert or with him or on his behalf who is served a copy of this Order shall be permanently enjoined and restrained from:

1. directly or indirectly using the mark "GoldMine" or any other mark, work or name similar to the GoldMine mark that is likely to cause confusion or mistake or to deceive, or that is likely to cause dilution or blurring of the GoldMine mark;

2. directly or indirectly using any word, term, name, symbol, device or combination thereof which constitutes the GoldMine mark and/or so resembles the GoldMine mark as to be likely to cause confusion, mistake or deception, on or in connection with the manufacture, importation, sale, offering for sale, distribution, advertisement or promotion of any product or service which is not authorized by or for FrontRange;

3. directly or indirectly representing, expressly or impliedly, that they are "certified" in FrontRange products and/or are authorized distributors or resellers of any product or service offered by FrontRange; and

4. infringing the copyright of plaintiff in any manner, including but not limited to selling and/or offering to sell GoldMine products.

IT IS FURTHER ORDERED that the Injunction against defendant includes defendant Matthew T. Purse, individually and d/b/a the entities or .com sites named above and other entities or sites affiliated with him or over which he has control, and all agents or persons acting in concert with him or on his behalf; and this Injunction shall be permanent.

## STATUTORY DAMAGES

IT IS ORDERED that statutory damages be awarded in this case for defendant' willful trademark and copyright infringement in the following amounts: $1,000,000.00 pursuant to 15 21 U.S.C. § 1117, and $150,000.00 pursuant to 17 U.S.C. § 504, which provides for up to $150,000 for each work infringed, regardless of the number of instances of infringement.  See, e.g., Walt

Disney Co. v. Powell, 897 F.2d 565, 569 (D.C. Cir. 1990) ("statutory damages are to be calculated according to the number of works infringed, not the number of infringements.").

**ATTORNEY FEES AND COSTS**

IT IS ORDERED that based on the exceptional circumstances of this case, FrontRange also be awarded its attorney fees and costs in this matter, which total $61,066.77.

IT IS THUS ORDERED that a total money judgment is entered against defendant and in favor of Plaintiff FrontRange in the amount of $ 1,211,066.77.

Date: June 26, 2006

_____
MARILYN HALL PATEL
District Judge
United States District Court
Northern District of California

4